RK

$400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Philip Tiene
718 N 17th street,apt.303 Philadelphia, PA
19130, Plaintiff,
            v.
Law Office of J. Scott Watson P.C. ,
24 Regency Plaza, Glen Mills, PA 19342,
and
Drexel University, 3141 Chestnut st.
Philadelphia, PA 19104

17    2683

CIVIL ACTION NO.

**FILED**

JUN 14 2017

**COMPLAINT**

KATE BARKMAN, Clerk
By _____ Dep. Clerk

## I.    INTRODUCTION

1.      This is an action for damages brought by a consumer pursuant to the Fair Debt
Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").

2.      The FDCPA prohibits debt collectors from engaging in deceptive and unfair
practices in the collection of a consumer debt, including serving legal process in connection with
the collection of the consumer debt to an address for which collector knows or should know is
not one where consumer can legally be served, and so using false and misleading information in
obtaining and maintaining and defending, the Judgment by default against the consumer, so
procured under false pretenses.

3.      Debt Collector Defendant is subject to liability for misstating the amount and
character of the debt, in misrepresenting to the Court , in its Statement of Claims the Default
judgment stage that it was entitled to receive attorney fees and collection costs, based only
however on allegations of oral contract and implied contract, in contradiction to the "American
rule" and the amount of its attorney fees and collection costs as reasonable, based on which it

1

procured a judgment by default against Plaintiff.  See Statement of Claims attached as **Exhibit A** hereto.

4.      Debt Collector Defendant is subject to strict liability for persisting and defending against Plaintiff's petition to open default judgment in State Court, by and through its attorney debt collector employee, Gregory J. Allard, when it had actual knowledge or should have known that it had procured the same utilizing false, incorrect and misleading information about consumer, specifically consumer, Plaintiff's last known address is, where he could be served, in violation of at least § 1692e(10). *See* a true and correct copy of Philadelphia Municipal Court Petition and To Open Judgment by Default and an Order opening the Judgment by Default attached as **Exhibit "B"**

5.      Debt Collector Defendant is subject to strict liability for sending a post default dunning letter to the Plaintiff, dated **March 31 2017**, which contained statements that were actually false or had a capacity to mislead the Plaintiff, attached hereto as **Exhibit C**.

6.      Debt Collector Defendant is further subject to strict liability for failure to include in the March 31st 2017 dunning letter what the total amount of the judgment so obtained is, and misrepresented the amount and the status of the debt, in violation of  § 1692e(2), (*"false representation of ... the character, amount, or legal status of any debt"*).

7.      Debt collector is further subject to strict liability for false and misleading information found in its June 24th 2016 letter attached as **Exhibit F** hereto.

## II.      **JURISDICTION**

8.      Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

9.      Defendant regularly conducts business within the Eastern District of Pennsylvania 28 U.S.C. §1391, and the acts of the debt collector that are alleged to violate the FDCPA have occurred within the Eastern District of Pennsylvania.

10.     This Court exercise of jurisdiction over Defendant Drexel University is proper under 28 U.S.C. § 1367, Supplemental Jurisdiction, on a state law claim of Pennsylvania's Unfair Trade Practices Consumer Protection Law, 73 P.S. § § 201-1 –201-9.2, ("UTPCPL").

## III.    PARTIES and FDPCA COVERAGE

11.     Plaintiff , Mr. Philip Tiene ( "Mr. Tiene or Plaintiff" ) is an adult individual who at all times relevant hereto resided in Philadelphia County, at the address captioned above.

12.     Plaintiff is a "consumer" as that term is contemplated under the FDCPA, 15 U.S.C. §1692 a (3), as the alleged debt sough to be collected from consumer in this instance is related to his undergraduate studied fees and tuition primarily for personal and household expenses.

13.     Defendant Law Office of J. Scott Watson P.C., ( hereafter " a debt collector" or "DC"), is a "debt collector" within the meaning of the FDCPA 15 U.S.C. §1692a (6), and by own written admissions, as it regularly collects debt on behalf of another, without allegation that it owns the underlying debt.

14.     Defendant is subject to liability as a "debt collector" under the meaning of FDCPA via respondent superior doctrine, due to engaging, via its agents or employees in regular debt collection activities, as described in previous paragraph herein, and is upon belief a type of corporation, or a similar business entity.

3

15.     Defendant Drexel University is upon belief a non for profit business entity, and a higher learning institution authorized by the Commonwealth of Pennsylvania to offer educational and other related services to the public.

## IV.    STATEMENT OF CLAIM

### Philip Tiene v. Law Offices of J. SCOTT WATSON P.C under FDCPA

16.     Debt collector filed a lawsuit in Philadelphia Municipal Court on or about January 25th 2017 in attempting to collect alleged debt from the Plaintiff, and in support of its claim submitted under oath to the Court, Statement of Claims, attached as **Exhibit A** hereto.

17.     Notably, DC 's lawsuit alleged in the Statement of Claims section, existence of only oral contract or an implied contract but not any existence of a written contract between the parties. See Exhibit A.

18.     On or about 05/21/2015, however Plaintiff spoke to Drexel University's Mr. Jerome Wilson, who is the senior collection specialist, over telephone and a recorded line, whereupon,  he provided Wilson with his current address in Philadelphia and other most current contact information, and stated he would come in person to Drexel's campus to try to sort out the alleged balance on his Drexel account. See attached e mail by Mr. Jerome Wilson attached as **Exhibit D** hereto.

19.     After filing the collection small claims suit, the DC proceed to serve the collection suit it has filed against Plaintiff, however, at certain address in New Jersey and outside Pennsylvania, when it knew or should have known that Plaintiff's actual last known and most recent address was in Philadelphia, in violation of at least use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.§ 1692e(2)(A) (10).

20.     By falsely certifying to the Court the New Jersey address was Plaintiff's last known address DC, or one where Plaintiff could be served the DC took action which it knew or should have known could not legally be taken, in further violation of at least .§ 1692e(5).

21.     DC obtained a judgment by default, against Plaintiff, only due to its use of false information concerning Plaintiff, as described, on or about March 29th 2017, in the amount of $10,596.35.

22.     However, DC's June 24th 2016 letter to Plaintiff, on the same account concerning **the same creditor and listed the total amount due on the account at $ 7881.35.**

23.     DC nevertheless misrepresented to the Court in its wrongful procurement of the Default Judgment, also the amount allegedly due with inclusion of damages, (collection costs and attorney fees), when it knew or should have known such are not available under either of its theory of recovery, (implied contract, or oral contract for educational services), in contravention of several sections of FDCPA, including but not limited to those previously cited herein.

24.     DC further violated the FDCPA when it presented an unreasonable amount of attorneys fees, for collection costs and attorneys fees, that they vouched to have accrued from June 24th 2016 until March 28th 2017, when nothing substantive by a way of collection activity was done (aside from filing a smalls claims suit and obtaining a default), to justify such amount, even if DC was deemed entitled to claim any of it. *See Prescott v. Seterus, Inc.*, 2015 WL 7769235 (11th Cir. Dec. 3, 2015), *generated servicer directives that firms must not include in payoff and reinstatement letters fees and costs that had not been actually incurred, or it violates the 1692e(2) ("false representation of ... the character, amount, or legal status of any debt") and § 1692f(1).*

5

25.     Plaintiff filed a timely Petition to Open Default pursuant to Pa.R.C.P 237.3, and included therein its own affidavit as to the correct address DC used being incorrect, and also included a copy of his lease, showing his address in Philadelphia where he resided at all times relevant hereto, the same address he provided to Drexel University on May 21st 2015 telephone call.  See **Exhibit B** hereto.

26.     Notwithstanding the fact that DC was privy or should have been privy to Plaintiff's true address initially through his client's records, as described above, at the time of the Petition to Open, DC had also the benefit of the sworn affidavit and the lease served upon them with the Petition (together with many returned letters from NJ address),  yet refused to consent to opening of the default, and by and through its attorney employee, Gregory J. Allard aggressively litigated to preserve the default obtained by use of incorrect information  without verifying the information with the creditor, to no avail, as Philadelphia Municipal Court, after a hearing granted Plaintiff's the Petition, and open/strike the default against it. *See* Exhibit B, p.7.

27.     DC's persistence in attempting to cling onto to a judgment by default procured by use of apparently incorrect information,  has been deemed by Courts to violate the FDCPA. See Gallegos v. LVNV Funding, LLC  2:14-CV-516 (D. Utah Oct. 26, 2016) ("*..although the Constantino Defendants may not have violated the FDCPA by initially pursuing a debt in reliance on information from the creditor, continuing to pursue the debt without confirming the debtor's information after multiple, clear notices that some of the debtor's information may have been incorrect is a violation of the FDCPA*"). *Id.*

28.     Notably, Drexel's own small claims court **Exhibit B**, which purports to show the zip codes where Plaintiff was physically located when he logged into Drexel's system reveals

6

that he was ever only logging in from Philadelphia zip codes, throughout period of several years. *See* **Exhibit B** hereto, p.8.

      29.     Upon obtaining a default judgment by use of false information about the Plaintiff as described above, DC sent to Plaintiff a dunning collection letter, dated March 31st 2017. See **Exhibit C.**

      30.     March 31st 2017 letter violated the FDCPA in following ways:

      a.   Letter contained statements in the heading concerning the case at which the judgment was obtained that were actually false, such as statement **"Drexel University Tuition v. Philip Tiene"**, when the real name of the Plaintiff who obtained the default at issue is not "Drexel University Tuition", but Drexel University, and tuition itself was only a part, of the amount comprising the default.

      b.   Consequently, when such incorrect information about the judgment creditor (Drexel University Tuition) is entered in the docket search on Philadelphia Municipal Court website, it results in "No Records Found", further hindering Plaintiff's ability to timely contest it, and leaving no doubt about falsity of the information provided by the DC. *See* Exhibit E.pg2.

      c.   Docket number identifying the matter wherein the DC obtained a default was listed in the letter, was incorrect and that it was left incomplete as it did not include the prefix "**SC**", and as such could have been misunderstood by the least sophisticated consumer be a matter belonging in one of the other five (5), categories found on the Court's website, especially the following 4: **LT, SC/MV, SC/CP,** making it unduly more difficult for Plaintiff to ascertain and

locate the correct docket and case. Evidently, the docket search on Philadelphia Municipal Court website, based on the "docket number" provided by the DC's letter to Plaintiff, (1701255579) results in "No Records Found". *See* Exhibit E.

d.  These fallacies, in the March 31st letter are designed to further hindering Plaintiff's ability to timely contest the default, and leaving no doubt about false and misleading nature of the information provided by the DC, when it would have been simple to write the correct caption of the case: Philadelphia Municipal Court, SC-17-01-25-5579.

e.  Total amount of the default obtained by the DC against Plaintiff on March 29th 2017 was **$10,596.35**. However, the March 31st 2017, a dunning letter represented to the Plaintiff that his debt at issue was ***"$10, 905.35 plus court costs and interest at 6%per annum"*** .

f.  This statement about the debt misrepresents the nature and the amount of the debt, because the court cost of $90 has already been capitalized in the principal of the judgment at the default stage before the letter was written. As such DC's post judgment artificial numerical subtraction and exclusion of a $90 "Court Costs" from the total amount of the judgment serves no any legal purpose, would cause least sophisticated consumer to conclude (incorrectly), and that such "court costs", are ongoing and cumulative like the interest, when the court cost is but one charge at $90, which had already been included in the judgment when it was issued, and or that since it is worded in plural that there are several costs rather than one $90 charge, in violation of § 1692e(2),

8

*("false representation of ... the character, amount, or legal status of any debt")*.

g.  The plain meaning of the words quoted above, are ambiguous on whether the amount of court cost is simply to be added, without being compounded with the interest, and that the referenced interest at 6% per annum, applies only to the amount of $10,905.35 and not the Court cost,  or whether the 6% interest applies to the court costs as well together with the principle.

h.  Such deceptive, vague and misleading statement, were only designed to induce undue anxiety with the least sophisticated consumer who could not tell from the letter that the "court cost" in this case is but $90. This is so because March 31st letter also fails to appraise the consumer even of the actual  Court where the default was obtained in, but states only *Philadelphia County,* and thus the  words "court costs" could relate to any number of Courts in Philadelphia County Courts,  where the court costs vary significantly, depending on the Court the matter was pending in.

i.  DC further violated FDCPA in its June 24th 2016 letter, regarding the total amount and character of debt owed stated in the June 24th 2016 letter to be simply. ($7881. 71), as, without more, it would lead the consumer to believe (incorrectly), that the total debt owed can is set at $7881.71, when the DC subsequently obtained the judgment for $10, 956, with the inclusion of attorney fees and costs statement,. *See  Avila v. Riexinger,* 817 F.3d 72 (2d Cir. Mar. 22, 2016), *held that a debt collector's dunning letter informing the consumer of the current balance of the loan (but failing to disclose that the*

9

> balance may increase due to interest and fees) violated § 1692e, on the basis
> that the debtor would understand (incorrectly) that payment of the specified
> amount would satisfy the debt whenever payment was remitted. See June 24th
> 2016 letter attached as **Exhibit F** hereto.

> j.  DC efforts in connection with the letter were premeditated and designed to
>     hinder Plaintiff and his representatives' ability to timely and appropriately
>     respond to the default.

31.  DC representation to the Court regarding consumer or its debt is considered under
the same scrutiny (with limited exceptions not applicable herein).

32.  Defendant's conduct was intentional and pervasive and premeditated.

## V. STATEMENT OF THE CLAIM

COUNT II, Philip Tiene v. Drexel University, under 73 P.S. § § 201-1 –201-9.2, ("UTPCPL")

33.  Plaintiff herein incorporates all previous averments, as if fully stated herein at
length.

34.  The UTPCPL is Pennsylvania's consumer protection law and seeks to prevent
"[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any
trade or commerce...." 73 P.S. § 201-3. The purpose of the UTPCPL is to protect the public from
unfair or deceptive business practices. Agliori v. Metropolitan Life Ins. Co., 879 A.2d 315, 318
(Pa.Super.2005).

35.  Pennsylvania General Assembly amended the UTPCPL and revised Section 201-
2(4)(xxi) to add "deceptive conduct" as a prohibited practice,  the proof of common law fraud is
no longer required.  Rather "deceptive  conduct likely to create confusion",  accurately set forth
the standard of liability. See Act of Dec. 4, 1996, P.L. 906, No. 146, § 1 (effective Feb. 2, 1997).

36.     This Court observed that the amendment to catchall provision adding prohibition of deceptive conduct allows plaintiff to succeed under catchall section by pleading either common law fraud or deceptive conduct); *Haines v. State Auto Property and Cas. Ins. Co.,* 2009 WL 1767534 (E.D.Pa. June 22, 2009).

37.     After Drexel's initial debt collector on this matter, "ConServe" contacted Plaintiff's place of employment at work regarding collection, which occurred in early 2015, (more than a year from the date of filing instant matter), Plaintiff called Drexel University directly to sort out the issue.

38.     During the recorded telephone call with Drexel University's senior collection specialist, Jerome Wilson, on May 21 2017, Plaintiff provided to Drexel University on a recorded line, his most current address, in Philadelphia, (on N 17th street), cell phone number, desk phone number at work, his personal e mail, and his work e mail, at Mr. Wilson's request. See e mail from Mr. Wilson attesting to the phone call taking place attached hereto as Exhibit D.

39.     Between May 21st 2015, and the time when Drexel filed the small claims lawsuit on January 25th 2017, by and through the Law offices of J. Scott Watson, P.C., Plaintiff did not change addresses, and continued to reside in Philadelphia on N 17th street.

40.     At the time it filed its suit against Plaintiff, Drexel University knew or should have known and was aware or should have been aware that Plaintiff's most recent address was not in New Jersey, but rather in Philadelphia, as they were readily informed by Plaintiff himself, most recently on May 21st 2015.

41.     Notably, Drexel's own small claims court **Exhibit B**, which purports to show the zip codes where Plaintiff was physically located when he logged into Drexel's system reveals

11

that he was ever only logging in from Philadelphia zip codes, throughout period of several years. *See* **Exhibit B** hereto,p.8.

42.     Plaintiff reasonably relied on Drexel University to use the correct personal information of the Plaintiff in its collection activities.

43.     Acting through its employee and agent, Jerome Wilson, Drexel was either grossly reckless or acted with premeditated malice when it failed to appraise its debt collector attorneys about the correct most recent address of the Plaintiff, when it was notified of it on May 21st 2015.

44.     By virtue of failure to use the most recent known address in Philadelphia for the Plaintiff, Drexel benefit by obtaining a judgment by default against Plaintiff, as described above.

45.     Drexel's collection specialist appeared at the hearing for the Petition to Open default in Philadelphia municipal Court, and persisted in offering testimony protecting the default and the incorrect address, failing to mention that he was appraised on Mr. Tiene's actual true address, well prior to the lawsuit being filed, and before faulty service.

46.     Drexel also violated the Act by billing excessive, duplicative and unwarranted fees, not authorized by agreement, such as billing him full time general fee, and the part time general fee, for the same quarters, semesters, and terms, student was enrolled in, without timely correction of the ledger causing accrual of undue late fees, and collection costs including ultimately excessive attorney fees. *See* ledger attached as **Exhibit F** hereto.

47.     As a direct and proximate result of Drexel University actions, Plaintiff suffered the detriment of paying extra legal fees and Court fees to open the default judgment, procured under false pretenses, as well as other legal costs and actual expenses including loss of hour.

**WHEREFORE,** Plaintiff, Philip Tiene, demands judgment against the Defendants individually and jointly and severally for:

12

(a)     Statutory Damages;

(b)     Attorney's fees and costs; and

(c)     Actual damages

(c)     Such other and further relief as the Court shall deem just and proper.

## V.     **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:    06/13/2017       /s/Predrag Filipovic, *Esq. (029312011)*
                          Attorney for Plaintiff
                          PREDRAG FILIPOVIC
                          1735 Market St.Ste 3750
                          Philadelphia, PA 19103

Enclosures: **Exhibit A, B, C, D, E, F.**

## VERIFICATION

I Philip Tiene, hereby certify that the I am the Plaintiff in this action, and the I have read the Complaint and that the facts presented in the above Complaint are true to the best of my knowledge information and belief, under the penalty of **18 Pa.C.S.A.** § 4904, relating to unsworn falsifications to authorities.

Philip Tiene
Plaintiff

# EXHIBIT "A"



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge   Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Consumer Purchase - (4)                     SC/CP: # SC-17-01-25-5579

| | |
|---|---|
| Drexel University<br>32nd & Chestnut Streets<br>Philadelphia, PA 19104<br><br>*Plaintiff(s)* | Philip Tiene<br>7 Woodcrest Road<br>Boonton, NJ 07005<br><br>*Defendant(s)* |

Service Address (information) if other than above:

**To the Defendant:** *Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*
While the Defendant was enrolled at Drexel University, the Defendant entered into an oral and/or implied contract of law wherein the Plaintiff was to provide certain educational services to the Defendant. Pursuant to the Tuition Analysis attached as Exhibit "A", the Defendant has a balance of $7,881.73. The Defendant is also liable to Plaintiff for reasonable collection costs pursuant to the Student Financial Services Tuition Repayment Promissory Note attached hereto as Exhibit "B" as well as ongoing attorneys fees.

## Summons to the Defendant
**You are hereby ordered to appear at a hearing scheduled as follows:**
## Citation al Demandado
Por la presenta, Usted esta dirijido a presentarse a la siguiente:

1339 Chestnut Street 6th Floor
Philadelphia, PA 19107
Hearing Room: 2

March 14th, 2017

09:15 AM

## Amount Claimed

| | | |
|---|---|---:|
| Principal | $ | 7881.73 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 2624.62 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 10506.35 |
| Service | $ | 0.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.50 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 11.25 |
| JCS St. Add. Fee | $ | 2.25 |
| ATJ Fee | $ | 2.00 |
| ATJ Surcharge | $ | 10.00 |
| Court Costs | $ | 44.00 |
| **TOTAL CLAIMED** | $ | 10596.35 |

Date Filed: 01/25/2017

I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this statement of claims action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.

J. SCOTT WATSON

_____
**Signature Plaintiff/Attorney**
Atty ID #: 041060

**Address &** 24 REGENCY PLAZA
**Phone**      GLEN MILLS, PA 19342
            610-358-9600

**NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT.**
**PLEASE SEE ATTACHED NOTICES**

**AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR**
**LOS AVISOS ASOCIADOS.**

**If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.**



# PHILADELPHIA MUNICIPAL COURT

**Office of the Deputy Court Administrator**

1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107
215-686-2910
03/29/2017

Marsha H. Neifield
President Judge

Patricia R. McDermott
Deputy Court Administrator

| | | | |
|---|---|---|---|
| Drexel University | Plaintiff | Date of Judgment: | 03/29/2017 |
| | | Claim No.: | SC-17-01-25-5579 |

**vs.**
Philip Tiene
7 Woodcrest Road
Boonton, NJ 07005

Defendant

Failed to Appear On:  03/29/2017
Judgment Amount:  $10,596.35

## NOTICE OF JUDGMENT

Pursuant to Rule 122, you are hereby notified that a judgment has been entered against you, as Defendant, in the above matter.

Upon payment to the Plaintiff of the above amount or settlement of this Judgment, you must receive from the Plaintiff an Order to Satisfy, signed by the Plaintiff. The Order to Satisfy must then be filed by you with the Judgment and Petitions Unit, 1339 Chestnut Street, Room 1003, Philadelphia, PA 19107, to satisfy the judgment from the record.

Patricia R. McDermott
Deputy Court Administrator

# EXHIBIT "B"



### PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge        Patricia R. McDermott, Deputy Court Administrator

# SC-17-01-25-5579

| | |
|---|---|
| Drexel University<br>32nd & Chestnut Streets<br>Philadelphia, PA 19104 | Philip Tiene<br>7 Woodcrest Road<br>Boonton, NJ 07005 |

PREDRAG FILIPOVIC

_____

**Attorney**
**Attorney #** _312568_

**Address &** 1735 MARKET STREET SUITE 3750
**Phone**      PHILADELPHIA, PA 19103
              267.265.0520

# PETITION

## TO THE HONORABLE, THE JUDGES OF THE SAID COURT:
## Your Petitioner respectfully requests that:

1. Petitioner is the named ____ Plaintiff _X_ Defendant in the above-captioned case.

2. That the _X_ Plaintiff ____ Defendant is/and resides at:
   Drexel University
   32nd & Chestnut Streets
   Philadelphia, PA 19104

3. That a hearing was held in Municipal Court on _03-29-2017_ and a Judgment was entered for _X_ Plaintiff ___ Defendant by Default on _03-29-2017_.

4. Your Petitioner failed to appear at the hearing for reason that:
   Plaintiff knowingly served process at the wrong, out of state address, where
   Defendant does not reside, in order to avoid personal service requirement in
   Philadelphia County and obtain J by default. See attached Plaintiff's current
   lease showing a Philadelphia address, as Exhibit A, and  (continued...)

5. Your Petitioner has a good reason to proceed in that:
   Pa.R.C.P. 237.3(b), provides that if a petition for relief from a default is
   filed within 10 days after the entry of judgment on the docket, the court
   shall open the judgment if the proposed complaint or answer states a
   meritorious cause of action or defense.
    (continued...)

## WHEREFORE, your Petitioner respectfully requests the Court to open this judgment to allow your Petitioner to proceed.

I am an attorney for the defendant(s), the defendant's authorized representative or have a power of attorney for the defendant(s) in this petition action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the defendant or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. § 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form.

PREDRAG FILIPOVIC

_____        _____

**Signature Plaintiff/Attorney/Petitioner**        **Intv. Code**

172-06/11/01



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge       Patricia R. McDermott, Deputy Court Administrator

**#** SC-17-01-25-5579

| | |
|---|---|
| Drexel University<br>32nd & Chestnut Streets<br>Philadelphia, PA 19104 | Philip Tiene<br>7 Woodcrest Road<br>Boonton, NJ 07005 |
| *Plaintiff(s)* | *Defendant(s)* |

---

### Overflow of Reason To Proceed Notes

Defendant has several meritorious defenses in payment and accord, misapplied grant award, incorrect amount due and owing, if any, unreasonably excessive award of attorney fees (1/3 of alleged original debt), statute of limitations, contract of adhesion, unconscionability, inconspicuous alleged contract terms, no way to opt out. This petition being filed within 10 days of the entry of a default the rules mandates that the Court must open the judgment.



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge       Patricia R. McDermott, Deputy Court Administrator

**#** SC-17-01-25-5579

| | |
|---|---|
| Drexel University<br>32nd & Chestnut Streets<br>Philadelphia, PA 19104 | Philip Tiene<br>7 Woodcrest Road<br>Boonton, NJ 07005 |
| *Plaintiff(s)* | *Defendant(s)* |

## Overflow of Petition Failed To Appear Notes

Defendant's affidavit under oath to the same effect, as Exhibit B.
Both regular and certified mail were returned by USPS.
Pa.R.C.P. 237.3(b),  provides that if a petition for relief from a default is filed
within 10 days after the entry of judgment on the docket, ?the court shall open the
judgment if the proposed complaint or answer states a meritorious cause of action or
defense. Defendant has several meritorious defenses in payment and accord,  incorrect
amount due and owing, if any, unreasonably excessive award of attorney fees (1/3 of
alleged original debt), statute of limitations, contract of adhesion,
unconscionability, inconspicuous alleged contract terms, no way to opt out.
This petition being filed within 10 days of the entry of a default the rules mandates
that the Court must open the judgment.

Secondly, under the law applicable to Striking the Judgment, it is well established
that In Franklin Interiors, Inc. v. Browns Lane, Inc., 323 A.2d 226 (Pa. Super. 1974),
the Superior Court observed:[A] default judgment entered where there has not been
strict compliance with the rules of civil procedure is void.? Franklin Interiors, 323
A.2d at 228.
Service of process is a mechanism by which a court obtains jurisdiction of a
defendant, and therefore, the rules concerning service of process must be strictly
followed. Sharp v. Valley Forge Medical Ctr. and Heart Hosp., Inc., 422 Pa. 124, 221
A.2d 185 (1966). Without valid service, a court lacks personal jurisdiction of a
defendant and is powerless to enter judgment against him or her. U.K. LaSalle, Inc. v.
Lawless, 421 Pa.Super.496, 618 A.2d 447 (1992).
The record indicates that service was improper due to credible evidence of residence
at different address, the returned letters by USPS for both certified and regular
mail, but also from Plaintiff's own records attached to the complaint, from Bursar,
indicating Defendant always logged in from Philadelphia zip codes, never from NJ, and
Plaintiff was aware of this.

*"IFight4Justice"Law Office of Predrag Filipovic, Esq., Tel: 267-265-0520, Fax: 215-974-7744*
*BNY Mellon Center 1735 Market St. Suit 3750, Philadelphia, PA, 19103,*
*pfesq@ifight4justice.com;www.stopripoff.com*

## AFFIDAVIT OF PHILIP TIENE

In the Matter of Drexel U. v. Tiene, Philadelphia Municipal Court, SC-17-01-25-5579.

I Philip Tiene  duly hereby declare under the penalty of 18 **Pa**.C.S.A.  § 4904,
relating to unsworn falsification to authorities, that :

1. I do not reside nor do business at a New Jersey address where Plaintiff has
   attempted to serve me.
2. I live and work in Philadelphia, and the attached lease is true and correct place of
   my residence.
3. I was never aware of the hearing date and time when the judgment by default was
   obtained, and as soon I learned about it I retained a lawyer to organize my
   Defense.
4. But for the improper service of process I would have appeared to defend the
   matter.

PHILIP  Ν  TIENE

SWORN TO ME ON:
7ᵗʰ April 2017

NOTARY PUBLIC:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
David Iannacone, Notary Public
Uwchlan Twp., Chester County
My Commission Expires Nov. 14, 2017
MEMBER PENNSYLVANIA ASSOCIATION OF NOTARIES

**Darrah School** _____ APARTMENT, # _303_

## APARTMENT LEASE

**Notice to Tenant: This Lease contains waivers of consumer rights. If you do not meet your Lease obligations, you may lose your security deposit. You may also be evicted and sued for money damages. By signing this Lease, you are waiving certain important rights. Please read it slowly and carefully and ask about anything you do not understand.**

The Landlord and Tenant agree to lease the apartment on the following terms:

**LANDLORD:  Darrah School REALTY CO., L.P.**

**TENANT:** _Phil Tienf / Olivia_ ~~_____~~  _Redacted per Court rules_

**Apartment:** _303_  **Address:**  718-726 N 17th Street Road Philadelphia PA 19130

**Bank for Security Deposit:**  _Redacted per Court rules_
**Lease Date:** _1/5/15_  **Term:** _1 year_       **#Bedrooms:** _2_
**Number of Occupants (Adults):** _2_
**Beginning** _1/5/15_  **Monthly rent $** ▓▓▓  **No.of Occupants (Minors):** _0_
**Ending** _____ **Yearly rent $** ▓▓▓▓  **Monthly Utility Payment** $ _____
**Utilities and services paid by Landlord: water** _X_ **sewer** _X_

| | | | |
|---|---|---|---|
| APPLICATION FEE | _X_ PAID | _____ | DUE |
| KEY CHARGE | _____ PAID | _____ | DUE |
| FIRST MONTH'S RENT | _X_ PAID | _____ | DUE |
| SECURITY DEPOSIT | _X_ PAID | _____ | DUE |

**BALANCE DUE ON OR BEFORE POSSESSION: $** ▓▓▓▓▓▓

Attached are __38__ pages including this page, which is a part of this Lease.

1.    **Use.**   The Apartment must be used and occupied only as a private residence of the Tenant.  No adults other than persons signing this lease may occupy said premises without written consent of the Landlord. All minors under the age of 18 who will occupy the Apartment are:

_____, SS#_____
_____, SS#_____
_____, SS#_____

Violation of this term shall constitute a breach of the lease agreement. Subletting is

I HAVE READ THIS ENTIRE FORM AND FULLY UNDERSTAND ITS CONTENTS

BY:

_____
FOR Darrah School REALTY CO., L.P.
LANDLORD

_____
TENANT

_____
DATE        01/05/15

_____
TENANT

_____
WITNESS

_____
TENANT

ATTACHMENTS:

RESIDENT DECLARATION OF CITIZENSHIP
EMERGENCY INFORMATION SHEET
TERMINATION OF TENANCY FOR CRIMINAL ACTIVITY
SMOKE DETECTOR
LEASE ADDENDUM FOR DRUG FREE HOUSING
DISCLAIMER OF PERSONAL LIABILITY
LEAD BASE PAINT DISCLOSURE
INCIDENT REPORT
UTILIITIES AGREEMENT
APPLIANCE CONDITION
LIST OF DAMAGE CHARGES
THINGS YOU SHOULD KNOW
RACE AND ETHNIC DATA
KEY PLAN
RESIDENT RIGHTS
MOLD AND MOISTURE
TENANT CONSENT FORM RELEASE
EPA LEAD IN YOUR HOME
EPA DISCLOSURE PROGRAM Sec 1018
POLICY/RESIDENT HANDBOOK

/skr



**PHILADELPHIA MUNICIPAL COURT**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Marsha H. Neifield, President Judge     Patricia R. McDermott, Deputy Court Administrator

# SC-17-01-25-5579

| | |
|---|---|
| Drexel University<br>32nd & Chestnut Streets<br>Philadelphia, PA 19104 | Philip Tiene<br>7 Woodcrest Road<br>Boonton, NJ 07005 |
| *Plaintiff* | *Defendant(s)* |

J. SCOTT WATSON

**Plaintiff/Attorney**
Attorney # _____041060_____

**Address &**
**Phone**

24 REGENCY PLAZA
GLEN MILLS, PA 19342
610-358-9600

# ORDER

**AND NOW,** to wit this ____11th____ day of _____May_____, ___2017___, upon

consideration of the above captioned complaint, it is hereby ordered and decreed that the above captioned

case be marked as follows:
TapeID: 6 Start Position: 10:57AM End Position: 11:12AM


Petition/Affidavit Granted.   PETITION TO OPEN DEFAULT JUDGMENT GRANTED

**BY THE COURT:**

CHRISTINE HOPE

(T. Diaz)  **J.**

51 (07/09/01)



### DREXEL UNIVERSITY
# OFFICE OF THE BURSAR
MAIN BUILDING · 3141 CHESTNUT STREET · PHILADELPHIA, PA · 19104 · 215.895.1445 · COLLECTIONS@DREXEL.EDU

**Student Financial Obligations and Tuition Repayment Agreement**

| | | |
|---|---|---|
| 12/12/10 12:13 PM | WWW_USER | 19104 |
| 01/02/11 10:32 PM | WWW_USER | 19104 |
| 03/22/11 04:21 PM | WWW_USER | 19104 |
| 08/19/11 02:47 PM | WWW_USER | 19104 |
| 09/06/11 03:46 PM | WWW_USER | 19104 |
| 12/13/11 10:13 AM | WWW_USER | 19104 |
| 01/03/12 11:02 PM | WWW_USER | 19104 |
| 03/25/12 10:22 AM | WWW_USER | 19104 |
| 07/09/12 04:46 PM | WWW_USER | 19104 |
| 09/24/12 07:39 AM | WWW_USER | 19104 |
| 12/24/12 09:58 AM | WWW_USER | 19104 |
| 01/03/13 06:10 PM | WWW_USER | 19130 |
| 03/26/13 11:31 AM | WWW_USER | 19104 |
| 07/29/13 03:05 PM | WWW_USER | 19104 |
| 09/23/13 12:02 PM | WWW_USER | 19104 |
| 12/21/13 11:18 PM | WWW_USER | 19104 |
| 01/07/14 07:43 AM | WWW_USER | 19104 |
| 03/24/14 02:28 PM | WWW_USER | 19104 |
| 03/30/15 11:39 PM | WWW_USER | 19104 |

EXHIBIT "C"

https://mail.google.com/mail/u/0/#inbox/15b4113acdba7eb7?projector=

LAW OFFICES

**J. SCOTT WATSON, P.C.**

24 Regency Plaza

Glen Mills, Pennsylvania 19342

(610) 358-9600

Fax:(610) 358-9601

Scott Watson Esquire
Steven J. Watson Esquire
Steven S. Watson Esquire
* Licensed in PA & NJ

March 31, 2017

Philip Tiene
7 Woodcrest Road
Boonton NJ 07005-9707

Re:   Drexel University Tuition v. Philip Tiene
      Docket Number: 17-01-25-5579
      Our File Number: 20160819

Dear Mr. Tiene:

Please be advised that on March 29, 2017, we received a judgment against you in Philadelphia County.

This office is willing to set up a payment arrangement with you to satisfy your debt in the amount of $10,506.35 plus court costs and interest of 6% per annum. If you choose to ignore this offer, you will leave us us no alternative but to consider taking further legal action against you in order for us to receive your money. This matter could jeopardize your credit standing.

This offer may not be made again. We look forward to hearing from you very soon. Please contact our office about making arrangements.

The purpose of this communication is to collect a debt and any information obtained will be used for this purpose. This communication is from a debt collector.

Sincerely yours,

J. Scott Watson, P.C.

Please be advised that we accept credit card payments from Visa / Mastercard / Discover. If you would like to remit full or monthly payments using this method, please complete the information below and return it to our office or contact us by phone.

Name on Card _____     Account Number _____

Expiration Date _____     V-Code (last 3 digits on back of card) _____

Zip Code (street number of cardholder's billing address or number of P.O. Box) _____

Zip Code (of cardholder's address) _____     Amount of Payment _____

File Number: 20160819                                    (Must be a minimum of $100.00)

EXHIBIT "D"

F: (585) 598-6115

The information transmitted is intended solely for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this email in error, please contact the sender and delete the material from your computer

Please consider the environment before printing this email

**From:** Wilson,Jerome [mailto:█████@drexel.edu]
**Sent:** Thursday, May 21, 2015 12:10 PM
**To:** ClientCare
**Cc:** 'ptiene@██████████████.com'; 'pr█████@gmail.com'
**Subject:** Philip M. Tiene #11617735 A/R Please Place Account on Hold

[Quoted text hidden]

---

**Wilson,Jerome** <j█████@drexel.edu>                                                      Mon, Jul 6, 2015 at 2:11 PM
To: "Proctor, Linda" <lpr████@con██████████.com>, "Breehl, Adam" <a████████████e-arm.com>, ClientCare <ClientCare@con████-arm.com>
Cc: "pr█████@gmail.com" <pr█████@gmail.com>

Hello Linda,

Thanks for your email inquiry!

I have not had any communication with this student since we last spoke on 05/21/2015, he stated at that time that he would pay a visit to the University's main campus Drexel Central office (between 05/27/2015 – 05/29/2015) to review his student account billing. To my knowledge the student has not visited to date.

I've copied the student on this email response, if he does not respond by the end of this week 07/17/2015 please resume collection activity.

Regards,


**Jerome P. Wilson**
*Senior Collection Specialist*
*Office of the Bursar*

**Drexel University**
3141 Chestnut Street
Main Building, Suite 222
Philadelphia, PA 19104
Tel: 215.895.2488 | Fax: 215.571.4610
drexel.edu


*This email and any accompanying attachments are confidential. The information is intended solely for the use of the individual to whom it is addressed. Any review, disclosure, copying, distribution, or use of this email communication by others is strictly prohibited. If you are not the intended recipient, please notify the sender immediately and delete all copies. Thank you for your cooperation.*

EXHIBIT "E"



## CMS - Search Screen

### Search tips

- To search on case number, include the case type (SC, LT, CE, CR, NU). Examples: LT-02-03-04-0123, SC041032018).
- To match people or companies, supply a combination first, last, or company names
- The search will provide any matches that contain the search term within the party name. Example: John Smith will match John Smith, Thomas John Smith or John Smith Inc
- "%" can be used as a wild card when searching for partial names. Example: %John%Smith% will match John A Smith Jr, Donald John Smith, or Johnathan Smithfield
- Only the first 10000 matching results will be returned.
- For more accurate results when searching by plaintiff or defendant, select a case type from the dropdown.

**Type:**  Case Number (or CaseID) ▼

**Search:**  170125579       Go!

No records were found



THE PHILADELPHIA COURTS FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

← C   🔒 Secure | https://fjdclaims.phila.gov/pjdmuni/cms/search.do

M Contact Receipt - jbarr X | L LII / US Code § 1692e X | e9-The Philadelphia Court X | CMS - Search Screen X

## CMS - Search Screen

**Search Tips**

- To search on case number, include the case type (SC, LT, CE, CR, NU). Examples: LT-02-02-03-0123, SC0410320183.
- To match people or companies, supply a combination first, last, or company names.
- The search will provide any matches that contain the search term within the party name. Example: John **Smith** will match John Smith, Thomas John Smith, or John Smith Inc.
- % can be used as a wild card when searching for partial names. Example: %John%Smith% will match John A Smith Jr, Donald John Smith, or Johnathan Smithfield.
- Only the first 10000 matching results will be returned.
- For more accurate results when searching by plaintiff or defendant, select a case type from the dropdown.



**Type:** | Plaintiff ▼

**Case Type:** | SC - Statement of Claims ▼

**Start Date:** 06/08/2007   📅   **End Date:** 06/08/2017   📅

**Search:** Drexel University Tuition                    Go!

No records were found

# EXHIBIT "F"



EXHIBIT A

TZRHSDTL Processing begun on 06-May-2016 03:15:53 PM

06-MAY-16    15:45    Drexel University
Transactions by Entry Order Report  05/06/16
Tiena, Philip
Balance  7001.73

| Date | Description | Charge | Credit | Term | Bill Date | Due Date | Stmt Date | Invoice Number | Balance Ind | Agree Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 14-APR-15 | Late Payment Fee | 78.04 | | 201435 | 19-MAR-15 | 09-APR-15 | 19-MAR-15 | S2599G32 | Y | 30-MAR-1 |
| 17-MAR-15 | Late Payment Fee | 77.28 | | 201425 | 19-FEB-15 | 16-MAR-15 | 23-FEB-15 | S2579850 | Y | |
| 17-FEB-15 | Late Payment Fee | 76.50 | | 201425 | 23-JAN-15 | 12-FEB-15 | 23-JAN-15 | S2556957 | Y | |
| 16-JAN-15 | Late Payment Fee | 75.74 | | 201415 | 18-DEC-14 | 14-FEB-15 | 18-DEC-14 | S2532026 | Y | |
| 16-DEC-14 | Late Payment Fee | 74.99 | | 201415 | 19-NOV-14 | 11-DEC-14 | 18-NOV-14 | S2513256 | I | |
| 17-NOV-14 | Late Payment Fee | 74.25 | | 201415 | 16-OCT-14 | 11-NOV-14 | 16-OCT-14 | S5512131 | I | |
| 14-OCT-14 | Late Payment Fee | 73.51 | | 201415 | 18-SEP-14 | 09-OCT-14 | 18-SEP-14 | S2483258 | I | |
| 18-SEP-14 | Late Payment Fee | 72.07 | | 201435 | 20-AUG-14 | 14-SEP-14 | 18-SEP-14 | S2464200 | I | |
| 18-AUG-14 | Late Payment Fee | 72.07 | | 201345 | 23-JUL-14 | 14-AUG-14 | 20-AUG-14 | S2445789 | Y | |
| 16-JUL-14 | Late Payment Fee | 71.36 | | 201345 | 20-JUL-14 | 10-JUL-14 | 23-JUL-14 | S2418863 | Y | 24-MAR-1 |
| 16-JUL-14 | Late Payment Fee | 70.65 | | 201335 | 20-JUN-14 | 12-JUN-14 | 20-JUN-14 | S2403307 | I | 24-MAR-1 |
| 20-APR-14 | Late Payment Fee | 69.95 | | 201335 | 20-MAY-14 | 13-MAY-14 | 20-MAY-14 | S2386963 | Y | 24-MAR-1 |
| 20-APR-14 | Student Activity Fee | -50.00 | | 201335 | 21-APR-14 | 13-MAY-14 | 21-APR-14 | S2372403 | I | 24-MAR-1 |
| 20-MAR-14 | Full-Time General Fee | -571.67 | | 201335 | 21-APR-14 | 13-MAY-14 | 21-APR-14 | S2372403 | I | 24-MAR-1 |
| 20-MAR-14 | Arts & Science (Arts) Lab Fee | -33.33 | | 201335 | 21-APR-14 | 13-MAY-14 | 21-APR-14 | S2372403 | I | 24-MAR-1 |
| 20-MAR-14 | Arts & Sciences FT Arts Tuit | -14378.33 | | 201335 | 21-APR-14 | 10-APR-14 | 21-APR-14 | S2372403 | I | 24-MAR-1 |
| 20-MAR-14 | USGA Student Recreation Fee | -135.00 | | 201335 | 19-MAR-14 | 10-APR-14 | 19-MAR-14 | S2354176 | Y | 07-JAN-1 |
| 17-MAR-14 | Late Payment Fee | 172.82 | | 201325 | 20-FEB-14 | 13-FEB-14 | 20-FEB-14 | S2319959 | Y | 07-JAN-1 |
| 17-FEB-14 | Late Payment Fee | 125.13 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 24-MAR-1 |
| 13-JAN-14 | USGA Student Recreation Fee | 33.33 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 24-MAR-1 |
| 13-JAN-14 | Full-Time General Fee | 571.67 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 24-MAR-1 |
| 13-JAN-14 | Arts & Science (Arts) Lab Fee | 135.00 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 25-MAR-1 |
| 13-JAN-14 | Arts & Sciences FT Arts Tuit | 14378.33 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 24-MAR-1 |
| 13-JAN-14 | Student Activity Fee | 50.00 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 07-JAN-1 |
| 13-JAN-14 | Arts & Sciences FT Arts Tuit | 2910.00 | | 201335 | 23-JUL-14 | 13-FEB-14 | 23-JUL-14 | S2324228 | | 07-JAN-1 |
| 13-JAN-14 | Part-Time General Fee | 150.00 | | 201325 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | Y | 24-MAR-1 |
| 23-DEC-13 | Students Activity Fee | -50.00 | | 201335 | 23-JAN-14 | 12-FEB-14 | 23-JAN-14 | S2324228 | I | 24-MAR-1 |
| 23-DEC-13 | Full-Time General Fee | -571.67 | | 201335 | 23-JAN-14 | 12-FEB-14 | 23-JAN-14 | S2324228 | I | 24-MAR-1 |
| 23-DEC-13 | USGA Student Recreation Fee | -33.33 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 24-MAR-3 |
| 23-DEC-13 | Arts & Sciences FT Arts Tuit | -14378.33 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 07-JAN-1 |
| 23-DEC-13 | Arts & Science (Arts) Lab Fee | -135.00 | | 201335 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | I | 07-JAN-1 |
| 16-DEC-13 | Arts & Science (Arts) Lab Fee | -571.67 | | 201325 | 23-JAN-14 | 13-FEB-14 | 23-JAN-14 | S2324228 | Y | 23-SEP- |
| 16-DEC-13 | Late Payment Fee | 243.78 | | 201316 | 18-DEC-13 | 14-JAN-14 | 18-DEC-13 | S2285981 | | 23-SEP- |
| 16-NOV-13 | Late Payment Fee | 264.35 | | 201335 | 20-NOV-13 | 11-DEC-13 | 20-NOV-13 | S2265924 | Y | 24-MAR-1 |
| 24-SEP-13 | Full-Time General Fee | 571.67 | | 201335 | 17-OCT-13 | 07-NOV-13 | 17-OCT-13 | S2267036 | | 24-MAR-1 |
| 24-SEP-13 | Student Activity Fee | 50.00 | | 201335 | 17-OCT-13 | 07-NOV-13 | 17-OCT-13 | S2267036 | | 24-MAR-1 |
| 24-SEP-13 | USGA Student Recreation Fee | 33.33 | | 201335 | 17-OCT-13 | 07-NOV-13 | 17-OCT-13 | S2267036 | | 24-MAR-1 |
| 24-SEP-13 | Arts & Science (Arts) Lab Fee | 135.00 | | 201335 | 17-OCT-13 | 07-NOV-13 | 17-OCT-13 | S2267036 | | 24-MAR-1 |
| 24-SEP-13 | Arts & Sciences FT Arts Tuit | 14378.33 | | 201335 | 17-OCT-13 | 07-NOV-13 | 17-OCT-13 | S2267036 | | 07-JAN-1 |
| 24-SEP-13 | USGA Student Recreation Fee | 33.33 | | 201325 | 17-OCT-13 | 07-NOV-13 | 17-OCT-13 | S2267036 | | 07-JAN-1 |
| 24-SEP-13 | Arts & Sciences (Arts) Lab Fee | 135.00 | | 201325 | 17-OCT-13 | 07-NOV-13 | 17-OCT-13 | S2267036 | | 07-JAN-1 |
| 24-SEP-13 | Arts & Sciences FT Arts Tuit | 14378.33 | | 201335 | 17-OCT-13 | 07-NOV-13 | 17-OCT-13 | S2267036 | | 07-JAN-1 |

Case 2:17-cv-02683-RK   Document 1   Filed 06/14/17   Page 36 of 41

| Eff. Date | Description | Amount | Amount (plan) | Term | Date | Date | Reference | Due Date |
|---|---|---|---|---|---|---|---|---|
| 24-SEP-13 | Full-Time General Fee | 571.67 | | 201325 | 17-OCT-13 | 07-NOV-13 | S2267036 | 07-JAN-13 |
| 24-SEP-13 | Arts & Sciences FT Arts Tuit | 2910.00 | | 201315 | 17-OCT-13 | 07-NOV-13 | S2267036 | 23-SEP-13 |
| 24-SEP-13 | Part-Time General Fee | 150.00 | | 201245 | 17-OCT-13 | 07-NOV-13 | S2267036 | 13-SEP-13 |
| 09-JUL-13 | Refund Disbursement | 2455.50 | | 201245 | 18-JUL-13 | 13-AUG-13 | S2202876 | 29-JUL-13 |
| 14-JUN-13 | Arts & Science (Arts) Lab Fee | -97.50 | | 201245 | 17-JUN-13 | 10-JUL-13 | S2183860 | 29-JUN-13 |
| 14-JUN-13 | USGA Student Recreation Fee | -25.00 | | 201245 | 17-JUN-13 | 10-JUL-13 | S2183860 | 29-JUL-13 |
| 14-JUN-13 | Student Activity Fee | -37.50 | | 201245 | 17-JUN-13 | 10-JUL-13 | S2183860 | 24-SEP-13 |
| 14-JUN-13 | Arts & Sciences FT Arts Tuit | -412.50 | | 201245 | 17-JUN-13 | 10-JUL-13 | S2183860 | 24-SEP-13 |
| 14-JUN-13 | Full-Time General Fee | -10375.00 | | 201215 | 17-JUN-13 | 10-JUL-13 | S2183860 | 24-SEP-13 |
| 24-APR-13 | Tuition Payment Plan | -412.50 | 18631.64 | 201215 | 17-APR-13 | 12-JUN-13 | | 26-MAR-13 |
| 26-MAR-13 | Tuition Payment Plan | | 18670.00 | 201235 | 17-APR-13 | 14-MAY-13 | | 26-MAR-13 |
| 26-MAR-13 | Late Payment Fee | 369.32 | | 201235 | 17-APR-13 | 14-MAY-13 | S2157100 | 26-MAR-13 |
| 26-MAR-13 | Unsubsidized Direct Loan | | 1625.00 | 201235 | 20-APR-13 | 14-MAY-13 | | 26-MAR-13 |
| 16-MAR-13 | DD Endowed Grant | | | 201215 | 20-APR-13 | 12-JUN-13 | | 26-MAR-13 |
| 20-FEB-13 | Subsidized Direct Loan | | 1362.00 | 201235 | 20-FEB-13 | 12-MAR-13 | S2140502 | 20-FEB-13 |
| 11-FEB-13 | Late Payment Fee | 365.67 | | 201215 | 20-FEB-13 | 12-MAR-13 | S2126322 | 07-SEP-13 |
| 07-FEB-13 | PCR Tuition - A & S (Arts) | 133.33 | | 201215 | 20-FEB-13 | 12-MAR-13 | S2126322 | 29-JUL-13 |
| 07-FEB-13 | Arts & Sciences FT Arts Tuit | 15400.00 | | 201215 | 20-FEB-13 | 12-MAR-13 | S2126222 | 29-JUL-13 |
| 07-FEB-13 | Arts & Sciences FT Arts Tuit | 1925.00 | | 201215 | 20-FEB-13 | 12-MAR-13 | S2126222 | 03-JAN-13 |
| 11-FEB-13 | Arts & Sciences FT Arts Tuit | 1925.00 | | 201215 | 22-JAN-13 | 12-MAR-13 | S2126222 | 03-MAR-13 |
| 10-JAN-13 | Arts & Sciences FT Arts Tuit | 1925.00 | 1625.00 | 201215 | 22-JAN-13 | 13-FEB-13 | S2111323 | 24-SEP-13 |
| 10-JAN-13 | DD Endowed Grant | 1925.00 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 10-JAN-13 | Arts & Sciences FT Arts Tuit | -8370.00 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 10-JAN-13 | Arts & Sciences FT Arts Tuit | 8450.00 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 10-JAN-13 | Student Activity Fee | -145.00 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 10-JAN-13 | Full-Time General Fee | 412.50 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 08-JAN-13 | Part-Time General Fee | 97.50 | | 201215 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 07-JAN-13 | Full-Time General Fee | 37.50 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 07-JAN-13 | Arts & Science (Arts) Lab Fee | 412.50 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 07-JAN-13 | Web ACH Payment | -97.50 | 1515.00 | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |
| 07-JAN-13 | Arts & Sciences FT Arts Tuit | -8450.00 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |
| 07-JAN-13 | Arts & Sciences FT Arts Tuit | 8370.00 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |
| 04-JAN-13 | Arts & Sciences FT Arts Tuit | -37.50 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |
| 04-JAN-13 | Student Activity Fee | -412.50 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |
| 04-JAN-13 | USGA Student Recreation Fee | 25.00 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 26-MAR-13 |
| 04-JAN-13 | Full-Time General Fee | 37.50 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 26-MAR-13 |
| 04-JAN-13 | Full-Time General Fee | 412.50 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 26-MAR-13 |
| 04-JAN-13 | Arts & Sciences FT Arts Tuit | 8450.00 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 26-MAR-13 |
| 04-JAN-13 | Student Activity Fee | | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 26-MAR-13 |
| 04-JAN-13 | USGA Student Recreation Fee | | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 03-JAN-13 | Arts & Science (Arts) Lab Fee | | 1362.00 | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 03-JAN-13 | Arts & Sciences FT Arts Tuit | 8450.00 | 495.00 | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 03-JAN-13 | Full-Time General Fee | 97.50 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111325 | 03-JAN-13 |
| 03-JAN-13 | Subsidized Direct Loan | 25.00 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 03-JAN-13 | Unsubsidized Direct Loan | 37.50 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 03-JAN-13 | Arts & Sciences FT Arts Tuit | 412.50 | | 201225 | 22-JAN-13 | 13-FEB-13 | S2111323 | 03-JAN-13 |
| 28-DEC-12 | Student Activity Fee | -8450.00 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |
| 28-DEC-12 | USGA Student Recreation Fee | -97.50 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |
| 28-DEC-12 | Arts & Science (Arts) Lab Fee | -25.00 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |
| 28-DEC-12 | Arts & Sciences FT Arts Tuit | -37.50 | | 201245 | 22-JAN-13 | 13-FEB-13 | S2111323 | 29-JUL-13 |

**RK**

## UNITED STATES DISTRICT COURT

17    2683

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _718 N 17th St. Apt 302, Philadelphia, PA 19130_

Address of Defendant: _24 Regency Plaza, Glen Mills, PA 19342 and 314 Chestnut St. Phila, PA 19104_

Place of Accident, Incident or Transaction: _Philadelphia_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐   No☑

Does this case involve multidistrict litigation possibilities?       Yes☐   No☑
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) _15 USC § 1692_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                         Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JUN 14 2017

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _6/13/2017_   _____   _31256P_
                      Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

RK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Philip Tiene

v.

Law Offices of J. Scott Watson P.C. and
Drexel University

CIVIL ACTION

17   2683

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.

6/13/2017      Predrag Frijovic      Plaintiff
**Date**          **Attorney-at-law**      **Attorney for**

267 265 0520      215 974-7744      PFesp@ifight4justice.com
**Telephone**        **FAX Number**      **E-Mail Address**

(Civ. 660) 10/02

JUN 14 2017

JS 44 (Rev. 06/17)

17-CV-2683

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17 2683

## I. (a) PLAINTIFFS

Philip Fiene

**DEFENDANTS** Law Office of J. Stott Watson P.C. and Drexel University

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
1 Fight 4 Justice, L/O of Predrag Filipovic, 1735 Market St. Ste 3750, Phila PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
Plaintiff
- ☑ 3  Federal Question
*(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
Defendant
- ☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 USC 692, FDCPA

Brief description of cause:
Violations of several actions of FDCPA and UTPCPL

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

JUN 14 2017

DATE  6/13/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.